# UNITED STATES DISTRICT COURT

### District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>Senior District Judge<br>─────<br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

NOT FOR PUBLICATION

LETTER ORDER

ORIGINAL ON FILE WITH CLERK OF COURT

November 6, 2008

**Appearances:**

John Peter Suarez
United States Attorney's Office
Mitchell H. Cohen U.S. Courthouse
4TH & Cooper Streets
Room 2070
Camden , NJ 08101
(856) 757-5026

Antranik Keshishian (Pro Se)
Reg# 28432-004
FCI, Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
Pro Se

Re:   United States v. Antranik Keshishian; Crim. No. 96-0081 (WHW)
        Defendant Keshishian's Motion for Return of Personal Property

Dear Litigants:

Defendant moves for return of his Naturalization Certificate pursuant to Rule 41(g). The

motion is granted.

**FACTS AND PROCEDURAL BACKGROUND**

On November 26, 2006 defendant Antranik Keshishian pled guilty to one count of Escape from Custody.  This Court sentenced defendant to a term of 18 months, to run consecutively to a term imposed in a 1991 Florida case (89-6049).  Mr. Keshishian has moved under Fed. R. Crim P. 41(g) for the return of his naturalization certificate.  Mr. Keshishian argues that "[t]he need for such document does not exist nor is part of any investigation." (Def.'s Motion 1 (Dkt. Entry No. 20, filed October 6, 2008).)   Mr. Keshishian's motion was served on the Assistant United States Attorney office at 970 Broad Street Newark, NJ by First Class Mail on October 3, 2008.  (Certificate of Service of Antranik Keshishian (Dkt. Entry No. 20).)  The government has not filed timely opposition to such motion.  See L.Civ.R. 7.1(d)(2).

**LEGAL STANDARD**

Fed. R. Crim. P. Rule 41(g) provides:

a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.[1]

Property seized by the government as part of a criminal investigation "must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." United States v. Albinson, 356 F.3d 278, 279 (3d. Cir. 2004) (citing United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999)). "[A]t the conclusion of a criminal proceeding, the evidentiary

---

[1] Fed. R. Crim. P. 41 was amended in 2002.  Fed. R. Crim. P. 41(g) was formerly known as Fed. R. Crim. P. 41(e).  See Albinson, 356 F.3d at 279 n. 1.

burden for a Rule 41(g) motion shifts to the government to demonstrate it has a legitimate reason to retain the seized property." <u>Albinson</u>, 356 F.3d at 280 (citing <u>Chambers</u>, 192 F.3d at 377).

**DISCUSSION**

The burden is on the government to produce evidence that there is "a legitimate reason" to retain the naturalization certificate. <u>See</u> <u>Albinson</u>, 356 F.3d at 280. There is no evidence that Mr. Keshishian's naturalization certificate constitutes contraband or is subject to forfeiture. The government has not opposed this motion. Because the government has failed to produce any such evidence, Mr. Keshishian's certificate must be returned.

**CONCLUSION**

For the foregoing reasons, it is on this 6th day of November, 2008,

ORDERED that defendant's Naturalization Certificate be sent to Ms. Karin Smith at 355 N.W. 6th Ave. Boca Raton, FL 33432.

s/William H. Walls<br>
United States Senior District Judge